IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JOHNNY HUGHLEY,                  )
                                 )
          Petitioner,            )
                                 )
     v.                          )     Civil Action No. 3:11cv895-MHT
                                 )               (WO)
UNITED STATES OF AMERICA,        )
                                 )
          Respondent.            )

## OPINION

Petitioner Johnny Hughley has filed a motion seeking relief pursuant to FED.R.CIV.P. 60(b)(6) and purporting to challenge this court's previous judgment denying a 28 U.S.C. § 2255 motion that he filed in April 2000.[1]  For the reasons that follow, this court concludes that Hughley is not entitled to any relief.

In his motion, Hughley contends that this court, when denying his § 2255 motion in September 2002, neglected to address his claim asserting a violation of the anti-shuttling provision of the Interstate Agreement on Detainers ("IAD").  However, when ruling on Hughley's § 2255 motion in 2002, this court found that all substantive claims asserted in his motion were procedurally barred because they were *either* raised on direct appeal and consequently precluded from reconsideration in his § 2255 motion *or* were not raised on direct appeal and therefore defaulted.  *United States v. Hughley*,

---

1.    *See United States v. Hughley*, Case Nos. 3:98cr43-MHT & 3:98cr97-MHT.  In his original § 2255 motion, Hughley challenged his 1998 conviction and sentence for possession of counterfeit currency; passing, uttering, and publishing counterfeit currency; and possessing a firearm after having been convicted of a felony.

Case Nos. 3:98cr43-MHT & 3:98cr97-MHT, Doc. No. 83 at 3 & 5. After noting that Hughley relied on ineffective assistance of counsel as cause to excuse his procedural default, *id*. at 5, this court then fully addressed his claim that his counsel "provided ineffective assistance in failing to raise the IAD issue on appeal." *Id*. at 17. The court then determined that Hughley's claim that his counsel was ineffective was meritless because his underlying substantive claim of an IAD violation was likewise meritless. *Id*. at 17-19.

In light of the above, Hughley is incorrect in alleging that this court neglected to address his IAD claim when denying his § 2255 motion in September 2002. Accordingly, this court finds that Hughley is not entitled to any relief under FED.R.CIV.P. 60(b)(6).[2] In his self-styled Rule 60 motion, Hughley is in effect reasserting a claim that he asserted in his original § 2255 motion and that was determined adversely to him by this court. To the extent that Hughley is reasserting a claim that has previously been adjudicated by this court, his claim is in substance part of a successive § 2255 motion.[3] *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

---

2.    Hughley fails to show that this court incorrectly applied a procedural bar in addressing his IAD claim or that this court neglected to address his IAD claim when ruling on his § 2255 motion.

3.    In addition to his original § 2255 motion, Hughley has sought to challenge his convictions and sentence on at least four other occasions through pleadings that were ultimately determined to be successive § 2255 motions. In August 2004, Hughley filed a pleading styled as "Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence," challenging his sentence. *United States v. Hughley*, Case Nos. 3:98cr43-MHT & 3:98cr97-MHT. Because that motion attacked the fundamental validity of (continued...)

Because Hughley has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court lacks the jurisdiction to consider such a motion.[4]  *See Gonzalez*, 545 U.S. at 532; *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

XXX

An appropriate judgment will be entered denying Hughley's motion for relief pursuant to Rule 60(b)(6)

Done this 3rd day of November, 2011.

_____/s/ MYRON H. THOMPSON_____
**UNITED STATES DISTRICT JUDGE**

---

3.       (...continued)
Hughley's sentence, this court characterized the motion as a motion to vacate, set aside, or correct sentence under § 2255.  Because Hughley had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion.  *Id.*.  In January 2006, Hughley filed what he styled as a "Motion for New Trial Under Rule 60(B)(6)."  *Hughley v. United States*, Case No. 3:06cv28-MHT.  This court ultimately determined that motion to be another successive § 2255 motion, which had been filed without approval from the Eleventh Circuit. *Id*.  In April 2009, Hughley again filed what he styled as a motion for relief under Rule 60(b)(6). *Hughley v. United States*, Case No. 3:09cv296-MHT.  This court again determined that Hughley's motion was another successive § 2255 motion filed without approval from the Eleventh Circuit. *Id*.  In December 2009, Hughley once more filed a self-styled Rule 60(b)(6) motion that was determined to be yet another successive § 2255 motion.  *Hughley v. United States*, Case No. 3:09cv1110-MHT.

4.       The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).